

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2007

# USA v. Cintron

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2882

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation
"USA v. Cintron" (2007). *2007 Decisions.* Paper 892.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/892

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 05-2882 and 05-2918
_____

UNITED STATES OF AMERICA

v.

MILTON CINTRON,
a/k/a Chico

Milton Cintron,
                    Appellant No. 05-2882
_____

UNITED STATES OF AMERICA

v.

FERNANDO CINTRON,
                    Appellant No. 05-2918
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Nos. 03-cr-00675-2   (Milton Cintron)
and 03-cr-00675-1   (Fernando Cintron))
District Judge: Honorable Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a)
on May 10, 2007

Before:  RENDELL, JORDAN, and ALDISERT, Circuit Judges.

(Filed: June 25, 2007)

_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Fernando Cintron and Milton Cintron appeal from their conviction, following a

jury trial, in the United States District Court for the Eastern District of Pennsylvania.[1]

On appeal, the Cintrons claim that the District Court erred in admitting evidence seized

through the execution of a search warrant under the good faith exception articulated in

_United States v. Leon_, 468 U.S. 897 (1984), arguing that the sworn affidavit in support of

the warrant lacked the requisite indicia of probable cause.  We have jurisdiction to review

the Cintrons' conviction under 28 U.S.C. § 1291.  We will affirm the ruling of the District

Court.

**I.**

On April 8, 2003, the Pennsylvania Attorney General's Office ("PAGO")

commenced an investigation into the cocaine drug trafficking activities of Fernando

Cintron, which included his brother Milton Cintron.  In furtherance of this investigation,

on July 29, 2003, Agent Alan Basewitz sought and was granted a search warrant for

3823 North Percy Street, Philadelphia, Pennsylvania.[2]  The affidavit offered in support of

---

[1]We consolidated the appeals of co-defendants Fernando Cintron, No. 05-2918, and
Milton Cintron, No. 05-2882, by order dated October 27, 2005.

[2]Agent Basewitz also sought search warrants for Fernando Cintron's "Dollar Store" at
533 Courtland Street, Philadelphia, and 3814 North Percy Street, Philadelphia.

the search warrant detailed interviews conducted by Agent Basewitz with persons described as "Confidential Informant # 1" ("CI 1") and "Confidential Informant # 2" ("CI 2") as well as the observations of government surveillance. The affidavit described that CI 1, identified at trial as Wally Carnivale, purchased cocaine from Fernando Cintron for resale on approximately 150 occasions between 1999 and December 2002 and that he was directed by Fernando, between fifteen and twenty times, as recently as December 2000, to 3823 North Percy Street to obtain this cocaine. Similarly, CI 2 related purchasing cocaine for resale over 200 times from Fernando Cintron between 1998 and 2000, and also indicated that Fernando consistently used 3823 North Percy Street for the purposes of delivering this cocaine. Although the affidavit did not provide information about 3823 North Percy Street after December 2000, it did recount government surveillance conducted on July 28, 2003 in which Milton Cintron was observed leaving 3823 North Percy Street with a bottom heavy shopping bag, and entering 3814 North Percy Street with Sandro Gonzalez, a suspected drug courier for Fernando Cintron, just three hours after Carnivale made a controlled, advanced payment to Fernando for cocaine.

On July 29, 2003, agents executed the search warrant for 3823 North Percy Street and recovered 243 grams of cocaine, a mold used to repackage cocaine, a hydraulic press, cocaine cutting agents, and repackaging materials.

On October 1, 2003, Fernando Cintron and Milton Cintron were indicted. A superseding indictment was filed on July 28, 2004. Fernando was charged with conspiracy to distribute in excess of five kilograms of cocaine and 1,000 kilograms of marijuana in

violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count One), three counts of distribution of cocaine in violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(C) (Counts Two, Three, Four), and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Five). Milton was indicted on Counts One, Four, and Five.

The Cintrons elected to go to trial and, on January 16, 2004, Milton Cintron filed a motion to suppress the evidence seized at 3823 North Percy Street. Fernando Cintron filed a similar motion. The District Court denied these motions, reasoning that, assuming Milton Cintron had a legitimate expectation of privacy in 3823 North Percy Street, and assuming that the search warrant was not supported by probable cause, the "good faith exception" to the warrant requirement nevertheless applied and, therefore, there were no grounds to suppress the evidence. Fernando Cintron was subsequently found guilty on Counts One, Two, Three, and Five and sentenced to 120 months of imprisonment followed by eight years of supervised release. Milton Cintron was found guilty on Counts One and Four and sentenced to 120 months imprisonment followed by eight years of supervised release. Gonzalez was also charged, but was later acquitted in a separate trial.

Fernando Cintron and Milton Cintron now appeal, arguing that the District Court's ruling as to their motions to suppress was error. We review the District Court's factual finding for clear error and exercise plenary review of the District Court's application of the law to those facts. *United States v. Perez*, 280 F.3d 318, 336 (3rd Cir. 2002). To determine if there was a "substantial basis" for finding probable cause, we reserve our

4

analysis to information contained in the affidavit. *United States v. Hodge*, 246 F.3d 301, 306 (3rd Cir. 2001); *see United States v. Jones*, 994 F.2d 1051, 1055 (3rd Cir. 1993) (in ruling on a motion to suppress "we confine our review to the facts that were before the magistrate judge, i.e., the affidavit").

## II.

The Cintrons argue that Agent Basewitz's affidavit lacked the requisite indicia of probable cause to permit a ruling of good faith reliance upon the search warrant and, therefore, that the evidence seized from 3823 North Percy Street should have been suppressed. Specifically, they argue that the affidavit contained stale information that was not refreshed by the government's July 28, 2003 surveillance. We find these arguments unpersuasive.

Generally, the exclusionary rule bars illegally seized evidence from being used against a defendant at trial. *See Wong Sun v. United States*, 371 U.S. 471 (1963). This rule "is designed to deter police misconduct rather than to punish the errors of judges and magistrates." *United States v. Leon*, 468 U.S. 897, 916 (1984). Therefore, the fruits of a search conducted pursuant to a warrant subsequently found invalid will not be suppressed when officers, acting in good faith, reasonably relied on that warrant. *Id.* at 922. Evidence will only be excluded when "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 923 n. 23. However, "[t]he mere existence of a warrant typically suffices to prove that an officer conducted a search in

5

good faith and justifies application of the good faith exception." *Hodge*, 246 F.3d at 307-308 (citing *Leon*, 468 U.S. at 922; *United States v. Williams*, 3 F.3d 69, 74 (3rd Cir. 1993)). Reliance on a warrant is only insufficient when: (1) the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit; (2) the magistrate abandoned his judicial role and failed to perform his neutral and detached function; (3) the warrant was based on an affidavit so lacking of indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized. *Williams*, 3 F.3d at 74 n. 4 (citations omitted).

In this case, defendants assert the third exception, arguing first that, because the affidavit contained no information pertaining to 3823 North Percy Street from December 2000 through July 2003, the warrant was based on evidence too stale to support probable cause and, second, that this stale information was not refreshed by the information obtained from the government's surveillance of 3823 North Percy Street.

The Cintrons emphasize that the affidavit described Milton Citron walking merely "from the area" of 3823 North Percy Street, rather than from the residence itself, to meet with Sandro Gonzalez at 3814 North Percy Street. Next, the Cintrons claim that while the affidavit described Milton arriving at 3814 North Percy Street with a laden bag, it also described him returning to 3823 North Percy Street with that same bag, a fact which, in their view, should not support an inference that he actually delivered anything, let alone drugs, to 3814 North Percy Street. Consequently, the defendants argue that, from these

6

observations, the affidavit presented nothing that would have refreshed the otherwise stale information.

The Cintrons are correct to argue that the age of the information supporting an affadvit of probable cause is a factor that must be considered. We have said that "if the information is too old, it may have little value in showing that contraband or evidence is still likely to be found in the place for which the warrant is sought." *United States v. Williams*, 124 F.3d 411, 420 (3rd Cir. 1997) (citing *United States v. Harvey*, 2 F.3d 1318, 1322 (3rd Cir. 1993)). However, an activity such as drug trafficking is of a continuous and protracted nature and consequently the passage of time diminishes the significance of staleness in such cases. *See United States v. Tehfe,* 722 F.2d 1114, 1119 (3rd Cir. 1983). Furthermore, we have said that stale information can be refreshed with newer information that relates back to the subject of the older information. *Id.* at 1120 (explaining that recent information through surveillance and pen registers updated informant's older information of drug dealing operation).

A more contextualized recounting of the information in Agent Basewitz's affidavit shows that the District Court did not clearly err in finding that the PAGO agents were reasonable in relying on the warrant. On July 28, 2003, approximately three hours after Carnivale pre-paid Fernando Cintron for cocaine, Milton Cintron was observed, with a bottom heavy shopping bag, walking from the area of 3823 North Percy Street to 3814 North Percy Street to meet Sandro Gonzalez, a suspected drug courier for Fernando Cintron. Gonzalez and Milton Cintron entered the residence at 3814 and remained inside

7

for ten minutes. Gonzalez then left by car. Milton Cintron exited and walked to 3823 North Percy Street carrying the shopping bag, and used a key to enter the residence. One minute later, Milton Cintron left the house without the shopping bag. In sum, Milton Cintron, the brother of a suspected drug dealer, was observed at 4:05 P.M., only three hours after Fernando Cintron told Carnivale that his cocaine would be delivered *before* dark, bringing a package *to* a suspected drug courier *from* 3823 North Percy Street. An agent could have reasonably inferred that the defendants were therefore continuing to use 3823 North Percy Street as a location to facilitate their cocaine trafficking activities, as they were alleged to have done from 1998 to 2000.

Therefore, because the surveillance conducted on July 28, 2003 refreshed the background information in the affidavit linking the defendants to 3823 North Percy Street, the District Court did not err, let alone clearly err, in concluding that the warrant was based on an affidavit with sufficient indicia of probable cause as to satisfy the application of the good faith exception.[3]

## III.

For these reasons, we will AFFIRM the District Court.

---

[3]Because we find that the good faith exception applies, we need not address the government's harmless error argument.